## LIFFRING v. LIFFRING.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1971. Decided Jan. 16, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

**293. CONTEMPT—62. Alimony.**

Where obligations of physicians with reference to maintaining office and keeping himself in practice and meeting the rental of dwelling house in which he lives and furnishing himself with necessaries, are such that he cannot comply with order of court as to alimony, judgment finding him guilty of contempt and sentencing him to jail should be reversed and defendant discharged.

Error to Common Pleas.

Judgment reversed.

George B. Orwig, Toledo, for Edward A. Liffring.

Fraser, Hiett, Wall & Effler, Toledo, for Nelle C. Liffring.

FULL TEXT

WILLIAMS, J.

This is a proceeding in error in which the plaintiff in error, Edward A. Liffring, seeks to reverse the judgment of the court below by which the plaintiff in error was adjudged guilty of contempt of court for the non-payment of alimony and committed to the county jail until he complied with the order of the court and until the sum of $200.00 was paid, such sum being the balance due, at the rate of $50.00 per month, under the previous order of the court as modified October 1, 1927. By the order claimed to have been violated it was adjudged that the defendant, Edward A. Liffring, should on or before December 1, 1927, pay to plaintiff all arrearages under said decree at the rate of $50.00 per month, or be held in contempt of court, and that beginning November 8, 1927, and thereafter, payments should be made at the rate of $50.00 per month, until the entire judgment had been paid in full. Under this order the arrearages would amount to $200.00. After the order of modification the defendant made no payments whatsoever.

The evidence adduced in the court below shows that Dr. Liffring is an osteopath; that prior to his domestic troubles, which resulted in the divorce and alimony proceedings, the income from his practice has dwindled until his income during the past year and at present is about $150.00 to $160.00 per month, and that during that time he has been compelled to pay regularly for office expenses $65.00 per month and $55.00 for house rent, making a total of $120.00 per month. This would leave him $30.00 to $40.00 per month from which to pay his household expenses other than rent and furnish himself with food, clothing and other necessities of life. The evidence upon his ability to pay as above indicated is undisputed. Under the circumstances we think he was not able to comply with the order of the court and that the judgment finding him guilty of contempt and commitment to the county jail should be reversed and that he should be discharged from custody.

We do not mean to hold by this action that an osteopathic physician, earning from $1800.00 to $1900.00 a year should be exempt from compliance with an order of the court adjudging him to pay reasonable monthly installments of alimony, and we do not mean to indicate in this case that Dr. Liffring will be exempt so long as his income does not increase. We are merely holding that under the state of facts disclosed by the record his obligations were such with references to maintaining his office and keeping himself in the practice and meeting the rental of the dwelling house in which he lived and furnishing himself with necessaries, were such that he could not comply with the order of the court. Whether it is reasonably possible for him to readjust his affairs in the future so as to comply therewith remains for future determination.

For the reasons indicated the judgment finding him guilty of contempt and sentencing him to jail is reversed and the defendant is discharged.

(Richards and Lloyd, JJ., concur.)